UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CEDRIC GREENE, | ) | |
| | ) | |
| Plaintiff(s), | ) | 2:15-cv-00451-JAD-NJK |
| | ) | |
| vs. | ) | **ORDER AND REPORT AND** |
| | ) | **RECOMMENDATION** |
| ALHAMBRA HOSPITAL MEDICAL CENTER, | ) | |
| | ) | |
| Defendant(s). | ) | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. *Id.* On March 16, 2015, the Court denied the application for leave to proceed *in forma pauperis* as incomplete. Docket No. 2. Plaintiff has now filed an amended application. Docket No. 3.

**I.    *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 3. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action

is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff has been declared a vexatious litigant in the Central District of California in light of approximately 70 non-meritorious actions he filed in that court. *See Cedric Greene v. Men's Central Jail*, No. CV 11-02359 UA (SS) (Docket No. 15) (C.D. Cal. May 10, 2011) (adopting report and recommendation, and holding that "Plaintiff Cedric Greene is deemed a vexatious litigant"); *see also id.* (Docket No. 13) (C.D. Cal. May 3, 2011) (report and recommendation outlining Plaintiff's litigation history in that court).

In an apparent attempt to circumvent that order, Plaintiff seeks to file this case here even though the Central District of California is the proper venue for his case. *See, e.g.,* Docket No. 1-1 (asking this Court to entertain this case in light of "special circumstances").[1] Plaintiff has similarly initiated cases in other districts in an apparent effort to avoid filing cases in the Central District of California. *See, e.g.*, *Greene v. McDonalds Restaurant*, 2011 U.S. Dist. Lexis 131228 (S.D. Cal. Nov. 14, 2011) (dismissing complaint given proper venue in the Central District of California); *Greene v. Southland Transit, Inc.*, 2011 U.S. Dist. Lexis 24761 (E.D. Cal. Mar. 10, 2011) (same), *adopted*, 2011 U.S. Dist. Lexis 35541 (E.D. Cal. Mar. 30, 2011). As those other courts' dismissal orders should make clear, Plaintiff may not initiate cases in an improper venue.

The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located;

---

[1] Plaintiff filed seven cases in this District in the two-month period between January 20, 2015 and March 23, 2015. *See Greene v. Greyhound Lines, Inc.*, 2:15-cv-00115-GMN-PAL (filed January 20, 2015); *Greene v. Greyhound Lines, Inc.*, 2:15-cv-00174-RFB-GWF (filed January 30, 2015); *Greene v. Sprint Nextel Corporation*, 2:15-cv-00238-RFB-NJK (filed February 11, 2015); *Greene v. The People of the State of California*, 2:15-cv-300-JAD-PAL (filed February 18, 2015); *Greene v. The People of the State of California*, 2:15-cv-378-JAD-PAL (filed March 3, 2015); *Greene v. Alhambra Hospital Medical Center*, 2:15-cv-00451-JAD-NJK (filed March 11, 2015); *Greene v. Logisticare Solutions, LLC*, 2:15-cv-00523-RFB-NJK (filed March 23, 2015).

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). "Under 28 U.S.C. § 1406(a), the court may dismiss an action laying venue in the wrong district." *Southland Transit*, 2011 U.S. Dist. Lexis 24761, at *2.

In this case, Plaintiff purports to bring a California state law cause of action on the basis of diversity jurisdiction and seeks that this Court entertain his case pursuant to "special circumstances." *See* Docket No. 1-1, at 1. Plaintiff alleges that the events giving rise to his claim occurred in Alhambra, California, which is within the Central District of California. *Id.*, at 1. Moreover, Plaintiff alleges that Defendant's county of residence is Los Angeles County, Docket No. 1-2, and there is no such county within this District. As such, the District of Nevada is not a proper venue for Plaintiff's lawsuit.

In addition to the above, the complaint alleges that Plaintiff has suffered damages in the amount of $75,000. To invoke this Court's diversity jurisdiction, the amount in controversy must exceed $75,000. *See, e.g.*, 28 U.S.C. § 1332(a). As such, there is no federal subject matter jurisdiction over his case.

### III. Conclusion

The Court finds that this District is not the proper venue for this action and Plaintiff fails to plead a basis for exercising federal jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (Docket No. 3) is **GRANTED**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the

issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint be **dismissed without prejudice**.

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated: April 8, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge