UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Cedric Greene,

    Plaintiff

v.

Alhambra Hospital Medical Center,

    Defendant

Case No.: 2:15-cv-451-JAD-NJK

**Order Re: Doc. 12**

On April 8, 2015, Magistrate Judge Nancy Koppe granted Cedric Greene pauper status and screened his complaint as required by 28 U.S.C. § 1915(e). She recommended that Greene's complaint be dismissed without prejudice for lack of venue and jurisdiction.[1] On April 24, 2015, Greene requested an extension of the deadline to object to the order and report and recommendation, claiming that he needed additional time to obtain and analyze material records from the California state courts.[2] On April 27, 2015, I granted Greene's motion for extension, giving him until May 18, 2015, to file any objections.[3] On May 18, 2015, Greene filed an omnibus document requesting an extension of time to file objections in five of the lawsuits he has recently filed in this district, including this one.[4] I found that Greene's second request for an extension essentially admitted he had overcommitted himself by filing too many lawsuits in this district, and that he could not personally keep up with the obligations he has created.[5] I also found that Greene's new explanation was inconsistent with his original claim that he needed an extension of time so he could obtain state

---

[1] Doc. 4.

[2] Doc. 6 at 2.

[3] Doc. 7.

[4] Doc. 8. For reasons of expediency I overlook any technical deficiencies in Greene's motion for extension, as filed.

[5] Doc. 9.

court records.[6] I found Greene's request for an extension of time to object was insufficient, denied his request, deemed the report and recommendation unopposed, and granted it on that basis.[7]

Greene now moves for relief from that order, arguing that he filed his objections two days after my ruling on the report and recommendation, and that I should reconsider my adoption of the report and recommendation.[8] Rule 60(b)(1) permits a district court to grant relief from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." "Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied."[9] "The determination of what conduct constitutes excusable neglect under Rule 60(b)(1) . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[10] I consider four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."[11]

Having considered all four factors, and incorporating herein my decisions on Greene's second motion for extension of time, I find no basis for granting Greene the relief he desires. The danger of prejudice to the opposing party is high, as Magistrate Judge Koppe's screening order effectively saved the defendant from having to litigate at all. While the length of delay from the time I adopted Magistrate Judge Koppe's report and recommendation and the time Greene filed his objections is brief, it was preceded by an extension of Greene's time to object. Additionally, it is not clear that Greene is acting in good faith; he first requested an extension of time to object so he could acquire state criminal records, and then later admitted that he had simply filed too many lawsuits in this district to be able to keep up with them all, and he chose to meet deadlines in some of his other

---

[6] See id.

[7] See id.

[8] Doc. 12.

[9] *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

[10] *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011).

[11] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

2

cases before getting to this one.[12] This explanation is simply no defense at all; ordinary civil litigants are not immune from the rules of procedure—or the consequences of failing to comply—simply because they choose to represent themselves,[13] and an attorney who tries to explain a tardy filing by pointing to such overcommitment would likely face a malpractice suit. On balance, I find no good reason to grant Greene relief under Rule 60(b).[14]

Accordingly, it is hereby ORDERED that Green's Declaration and Request for Relief from Judgment under Rule 60(b)(1) **[Doc. 12] is DENIED**.

DATED June 3, 2015.

_____
Jennifer A. Dorsey
United States District Judge

**Clerk to notify:**

**Cedric Greene**
**545 South San Pedro St.**
**Los Angeles, CA 80013**

---

[12] *See id.*

[13] *See, e.g., King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("Pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

[14] Even assuming *arguendo* I would consider Greene's objections on their merits, I would overrule them because, among other things, the District of Nevada is clearly an unsuitable venue for adjudication of Greene's disputes. *See* Doc. 4 at 2-3.

3