1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CEDRIC GREENE,                              )
                                            )          Case No. 2:15-cv-00451-JAD-NJK
                  Plaintiff(s),             )
                                            )          REPORT AND RECOMMENDATION
vs.                                         )
                                            )
ALHAMBRA HOSPITAL MEDICAL CENTER,           )
                                            )
                  Defendant(s).             )
_____ )

        Pending before the Court is an order for Plaintiff Cedric Greene to show cause why he should
not be declared a vexatious litigant subject to pre-screening of all future complaints he seeks to file in
this District.  Docket No. 21.  Mr. Greene filed a response.  Docket No. 22.  For the reasons discussed
more fully below, the undersigned **RECOMMENDS** that Mr. Greene be declared vexatious and that
all future complaints he seeks to file in this District be subject to pre-screening.

**I.      BACKGROUND**

        In the span of about one year, Mr. Greene has filed roughly 16 cases in this Court.  By and large,
these cases follow a trend:  they involve claims that arise out of events taking place in California such
that this Court is an improper venue.  The reason the cases are being filed here is simple: Mr. Greene
has been declared vexatious in his home district, the Central District of California, subjecting any
complaints he files there to pre-screening requirements.  *See Greene v. Men's Central Jail*, 2011 U.S.
Dist. Lexis 158746 (C.D. Cal. May 3, 2011), *adopted*, 2011 U.S. Dist. Lexis 158745 (C.D. Cal. May 10,

2011).[1]  Moreover, Mr. Greene has already attempted to circumvent that vexatious litigant finding by initiating his cases in two other neighboring districts, but those courts have rebuffed that invitation to flaunt threshold venue requirements.  *See, e.g.*, *Greene v. McDonalds Restaurant*, 2011 U.S. Dist. Lexis 131228 (S.D. Cal. Nov. 14, 2011) (dismissing complaint given proper venue in the Central District of California); *Greene v. L.A. Cnty. Sheriff Dep't*, 2011 U.S. Dist. Lexis 158761 (S.D. Cal. Nov. 4, 2011) (same); *Greene v. Southland Transit, Inc.*, 2011 U.S. Dist. Lexis 24761 (E.D. Cal. Mar. 10, 2011) (same), *adopted*, 2011 U.S. Dist. Lexis 35541 (E.D. Cal. Mar. 30, 2011); *Greene v. New Carver Apts.*, 2011 U.S. Dist. Lexis 23915 (E.D. Cal. Mar 9, 2011) (same).  As a means to avoid the Central District's vexatious litigant order and in light of his lack of success circumventing that order by initiating lawsuits in other districts, Plaintiff has now moved his litigation here.  Plaintiff unabashedly acknowledges these facts.  *See, e.g.*, Docket No. 22 at 3 ("I filed matters in other locations because I knew that neither the Central District or that official was not going to allow anything to be processed . . .  I spent most of the time figuring out other methods to get matters processed because I was well aware of my No Filing Restrictions with these Courts").  Despite the previous orders identifying this strategy as impermissible, Mr. Greene persists in asking this Court to ignore the obvious deficiencies in bringing his cases in this Court because there are "special circumstances" in that he does not wish to be constrained by the vexatious litigant order in his home district.  *See, e.g.*, Docket No. 20.

This case is illustrative of Plaintiff's general conduct in this Court.  Plaintiff filed an application to proceed *in forma pauperis* and filed an accompanying complaint.  Docket No. 2.  The undersigned screened the complaint pursuant to 28 U.S.C. § 1915, and recommended that the case be dismissed.  Docket No. 4.  In particular, the undersigned noted that Plaintiff appeared to file his case in this forum in an attempt to avoid the vexatious litigant order issued against him in the Central District of California.  *Id.* at 2.  The undersigned noted that Plaintiff had already been informed by other courts that he could not initiate cases in an improper forum to avoid the vexatious litigant order.  *Id.* (citing *McDonalds Restaurant*, 2011 U.S. Dist. Lexis 131228, and *Southland Transit, Inc.*, 2011 U.S. Dist. Lexis 24761).

---

[1] Although not entirely clear, it appears Plaintiff has also been declared vexatious throughout the California state court system.  *See, e.g.*, Docket No. 11 (noting that Mr. Greene has had "the doors closed from top to bottom within the Courts of California").

The undersigned expressly considered and rejected Mr. Greene's argument that the applicable legal principles did not apply to him given the "special circumstances" of having been declared vexatious by his home court. *Id.* at 3. As such, the undersigned found that the case had been initiated in an improper forum. *Id.* In addition, the undersigned further found that Mr. Greene had failed to establish the Court's subject matter jurisdiction over his case. *Id.* For these reasons, the undersigned recommended the case be dismissed.

On May 19, 2015, United States District Judge Jennifer A. Dorsey adopted that report and recommendation. Docket No. 9. Judge Dorsey did so because Mr. Greene failed to timely object to the report and recommendation, and provided insufficient reason for extending the deadline a second time to do so. *Id.* at 2. Judgment was then entered. Docket No. 10.

On May 21, 2015, Mr. Greene filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Docket No. 11. On June 3, 2015, Judge Dorsey denied that motion as baseless, and found that, *inter alia*, "it is not clear that Greene is acting in good faith." Docket No. 13 at 2. Judge Dorsey further explained that "the District of Nevada is clearly an unsuitable venue for adjudication of Greene's disputes." *Id.* at 3 n.14.

Undeterred, on June 17, 2015, Plaintiff filed a motion for reconsideration purportedly directed to Chief United States District Judge Gloria M. Navarro. *See* Docket No. 14. This procedurally incorrect motion was directed to Chief Judge Navarro because Mr. Greene has been declared a vexatious litigant by the Ninth Circuit. *See id.*; *see also In re Cedric Greene*, Case No. 08-80128, Docket No. 5 (9th Cir. June 2, 2009) (ordering that all notices of appeal or petitions filed by Cedric Greene are subject to pre-filing review based on his history of filing meritless appeals). On July 16, 2015, Judge Dorsey denied Mr. Greene's latest motion for reconsideration:

> The rules of this court do not permit the filing of numerous motions for reconsideration. Greene has already had a full and fair opportunity to challenge my dismissal order; that effort was unsuccessful. Any further challenge should be by appeal in accordance with the rules of this court and the Federal Rules of Appellate Procedure.

Docket No. 15 at 2. Judge Dorsey made it crystal clear that Mr. Greene was not permitted to file any additional motions for reconsideration. *Id.* ("**This case has been closed. Greene MAY NOT FILE any more motions for reconsideration in this case**" (emphasis in original)).

3

1    On August 3, 2015, Mr. Greene filed a notice of appeal, Docket No. 16, which was summarily

2    rejected by the Ninth Circuit as "so insubstantial as to not warrant further review," Docket No. 17.

3    Despite all of the above, Mr. Greene again returned to the Court in this case by filing a further

4    motion for reconsideration. Docket No. 20.[2] This filing begins by recognizing that it is an attempted

5    "hail mary pass" to get this Court to adjudicate claims that have been repeatedly and emphatically

6    rejected as improvidently filed in federal court in this District. *Id.* at 2. Once again, the basis for this

7    request appears to be that Mr. Greene has been declared a vexatious and abusive litigant elsewhere, so

8    he seeks to have his claims heard by this Court. *See id.* at 3.

9    As noted above, in this case alone, the undersigned magistrate judge, the assigned district judge,

10   and the Ninth Circuit have already considered Mr. Greene's plea to ignore venue and jurisdictional

11   requirements, and have declined to do so. Prior to relocating his litigation to this Court, other courts had

12   already specifically instructed Plaintiff that this litigation tactic is improper and will not be

13   countenanced. *See, e.g.*, *McDonalds Restaurant*, 2011 U.S. Dist. Lexis 131228; *Southland Transit*, 2011

14   U.S. Dist. Lexis 24761. In addition, Judge Dorsey expressly and emphatically instructed Mr. Greene

15   to cease filing further requests for reconsideration in this case, a directive that Mr. Greene chose to

16   ignore with his latest request for this Court to consider his case despite the threshold deficiencies already

17   identified.

18   Such vexatious and abusive litigation practices are by no means isolated events for Mr. Greene.

19   Mr. Greene has filed numerous lawsuits within this District that have also been dismissed:

20   • *Greene v. Greyhound Lines, Inc.*, Case No. 2:15-cv-00115-GMN-PAL: Dismissing Mr.

21   Greene's case for improper venue, lack of subject matter jurisdiction and lack of personal

22   jurisdiction, Docket No. 6 (report and recommendation), Docket No. 10 (order

23   dismissing case);

24   • *Greene v. Greyhound Lines, Inc.*, Case No. 2:15-cv-00174-RFB-GWF: Dismissing Mr.

25   Greene's case for improper venue and failure to comply with a court order, Docket No.

26   10 (report and recommendation), Docket No. 14 (order dismissing case);

27   _____

28   [2] This filing was made in six different cases.

4

- *Greene v. Sprint Nextel Corp.*, Case No. 2:15-cv-00238-RFB-NJK:  Dismissing Mr. Greene's case for improper venue and lack of subject matter jurisdiction, Docket No. 5 (report and recommendation), Docket No. 8 (order dismissing case);

- *Greene v. The People of the State of California*, Case No. 2:15-cv-00300-JAD-PAL: Dismissing Mr. Greene's case for improper venue and lack of subject matter jurisdiction, Docket No. 4 (report and recommendation), Docket No. 9 (order dismissing case), Docket No. 12 (denying motion to reconsider), Docket No. 14 (dismissing appeal as "so insubstantial as to not warrant further review");

- *Greene v. The People of the State of California*, Case No. 2:15-cv-00378-JAD-PAL: Dismissing Mr. Greene's case for improper venue and lack of subject matter jurisdiction, Docket No. 4 (report and recommendation), Docket No. 9 (order dismissing case), Docket No. 12 (dismissing appeal as "so insubstantial as to not warrant further review");

- *Greene v. Traylor*, Case No. 2:15-cv-00598-APG-CWH:  Dismissing Mr. Greene's case for improper venue, Docket No. 8 (report and recommendation), Docket No. 11 (order dismissing case), Docket No. 15 (denying motion to reconsider), Docket No. 18 (denying motion to disqualify Ninth Circuit), Docket No. 19 (dismissing appeal as "so insubstantial as to not warrant further review"), Docket No. 24 (striking filing by Plaintiff seeking further relief);

- *Greene v. Los Angeles Police Dept.*, Case No. 2:15-cv-00815-APG-PAL:  Dismissing Mr. Greene's case for improper venue, lack of personal jurisdiction, and failure to comply with the applicable statute of limitation, Docket No. 8 (report and recommendation), Docket No. 7 (order dismissing case), Docket No. 11 (denying motion to disqualify Ninth Circuit), Docket No. 12 (dismissing appeal as "so insubstantial as to not warrant further review"); and

- *Greene v. Chapman*, Case No. 2:15-cv-00887-GMN-NJK:  Dismissing Mr. Greene's case for improper venue and lack of subject matter jurisdiction, Docket No. 2 (report and recommendation), Docket No. 5 (order dismissing case), Docket No. 8 (dismissing

1    appeal as "so insubstantial as to not warrant further review"); Docket No. 12 (striking

2    filing by Plaintiff seeking further relief).[3]

3    Moreover, Mr. Greene has been declared a vexatious litigant in the Central District of California based

4    on his filing of more than 70 meritless cases there.  *See Men's Central Jail*, 2011 U.S. Dist. Lexis

5    158746, *adopted*, 2011 U.S. Dist. Lexis 158745.  The Ninth Circuit similarly subjected Mr. Greene to

6    a pre-screening order after identifying more than a dozen meritless appeals that he had filed.  *In re*

7    *Cedric Greene*, Case No. 08-80128, Docket No. 2 (9th Cir. January 28, 2009) (order to show cause),

8    Docket No. 5 (9th Cir. June 2, 2009) (order requiring pre-screening of Plaintiff's appeals).

9    **II.    STANDARDS AND ANALYSIS**

10        This Court has the power to enter pre-filing orders against vexatious litigants pursuant to the All

11    Writs Act, 28 U.S.C. § 1651(a).  "Flagrant abuse of the judicial process cannot be tolerated because it

12    enables one person to preempt the use of judicial time that properly could be used to consider the

13    meritorious claims of other litigants."  *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

14    Nonetheless, the Ninth Circuit has cautioned that such orders are "an extreme remedy that should rarely

15    be used . . . because such sanctions can tread on a litigant's due process right of access to the courts."

16    *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

17        In determining whether a pre-filing order is appropriate, the Ninth Circuit has outlined four

18    factors to be considered.  *See, e.g.*, *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062

19    (9th Cir. 2014) (citing *De Long*, 912 F.2d at 1147).  First, the litigant must be given notice and a chance

20    to be heard.  Second, the Court must compile an adequate record for review, including listing the cases

21

22        [3] This list may grow longer in the near future.  *See Greene v. Logisticare Solutions, LLC*, Case No.

23    2:15-cv-00523-RFB-NJK, Docket No. 29 (granting motion to dismiss from bench with written order to be

       issued); *Greene v. Gray*, Case No. 2:15-cv-02188-RFB-VCF, Docket No. 2 (pending report and

24    recommendation for dismissal based on lack of subject matter jurisdiction); *Greene v. Housing Authority*

       *of the City of Los Angeles*, Case No. 2:16-cv-00490-AGP-VCF, Docket No. 2 (pending report and

25    recommendation for dismissal with leave to amend based on lack of personal jurisdiction); *Greene v. Direct*

       *TV, Inc.*, Case No. 2:16-cv-00735-RFB-NJK, Docket No. 2 (pending report and recommendation for

26    dismissal based on improper venue and lack of subject matter jurisdiction).  In a few cases, Mr. Greene's

27    complaint has not yet been screened pursuant to 28 U.S.C. § 1915(e).  *Greene v. Dantzler*, Case No. 2:15-cv-

       02096-GMN-PAL; *Greene v. Inglewood Housing Authority*, Case No. 2:16-cv-00996-APG-GWF.

28

and motions that led to the conclusion that a vexatious litigant order was needed.  Third, the Court must make substantive findings about the frivolous or harassing nature of the party's litigation. Fourth, any pre-filing order must be narrowly tailored to closely fit the specific vice encountered.

The first two considerations are procedural in nature while the latter two are substantive in nature.  *Id.*  In applying the latter two considerations, the Ninth Circuit has identified five additional factors that provide a helpful framework:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (quoting *Molski*, 500 F.3d at 1058).

A.   Notice

A pre-filing order may be entered only if the subject of that order had notice and an opportunity to be heard.  "This is a core requirement of due process." *Molski*, 500 F.3d at 1058.  In this instance, the Court issued an order for Mr. Greene to show cause why he should not be declared vexatious, and Mr. Greene filed a response.  Docket Nos. 21-22.[4]  Accordingly, Mr. Greene was given notice and an opportunity to be heard.

B.   Adequate Record

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147.  "At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive." *Id.*[5]  An adequate record exists in this instance.

---

[4]  The Court finds this matter properly decided without a hearing.  *See* Local Rule 78-1.  The requirement that the plaintiff have an opportunity to be heard does not require a hearing; "the opportunity to brief the issue fully satisfies due process requirements." *Molski*, 500 F.3d at 1058-59 (quoting *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000)).

[5]  The review of the record is not limited to cases filed in this Court.  *See, e.g., Ringgold-Lockhart*, 761 F.3d at 1065-66 ("[A] pattern of frivolous or abusive litigation in different jurisdictions undeterred by

As outlined above, Mr. Greene has already been declared a vexatious litigant by, at least, the Central District of California and the Ninth Circuit. Section I, *supra*. Those orders reflect Mr. Greene's filing of more than 70 meritless cases at the district court level and more than a dozen meritless appeals. *See id.* Mr. Greene's claims have been rejected in at least nine cases in this District primarily for improper venue, although several other grounds for dismissal have been found. *See id*. Those dismissals come on the heels of orders from other districts flatly rejecting Mr. Greene's attempts to bring cases therein in circumvention of the vexatious litigant order in the Central District of California.

C.   The Frivolous Nature of Plaintiff's Litigation

Before issuing a pre-filing order, "it is incumbent on the court to make 'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" *De Long*, 912 F.2d at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). With respect to a finding of frivolousness, the Court should look to both the number and content of the filings. *Id.* As an alternative, the court may find that the litigant's filings "show a pattern of harassment" such that a pre-filing order is necessary. *See id*. "Finally, courts should consider whether other, less restrictive options, are adequate to protect the court and parties." *Ringgold-Lockhart*, 761 F.3d at 1064.

The frivolous nature of Mr. Greene's litigation is evidenced both by his initiation of cases within this District and his continued attempts to relitigate the same issues notwithstanding judgments and appellate decisions foreclosing relief.[6] Mr. Greene has long been aware that he cannot circumvent the vexatious litigant order in the Central District of California by simply bringing claims that arise in that forum in other district courts. This was already made clear to Mr. Greene in judicial decisions in at least two different districts rejecting such a strategy. *See, e.g.*, *McDonalds Restaurant*, 2011 U.S. Dist. Lexis 131228; *Southland Transit, Inc.*, 2011 U.S. Dist. Lexis 24761.[7] Despite the clear orders from those

---

adverse judgments may inform a court's decision that an injunction is necessary").

[6] This is in addition to the findings by at least the Central District of California and the Ninth Circuit regarding the frivolous and harassing nature of Mr. Greene's litigation.

[7] This strategy of attempting to circumvent a vexatious litigant order is not a new one, and has been rejected when attempted by other litigants. *See, e.g.*, *In re Fillbach*, 223 F.3d 1089, 1091 (9th Cir. 2000) (holding that a litigant may not avoid a vexatious litigant order by filing suit in a different court).

courts, Mr. Greene decided to try the same strategy in this District and simply hoped for a better result despite the clear legal authority rendering his strategy improper.  Mr. Greene knew from his prior experience that his claims could not be properly brought in this District, but he filed them here anyway.

In addition, Mr. Greene has refused to take "no" for an answer after his cases have been dismissed.  He has consistently filed frivolous motions for reconsideration, including even after the assigned magistrate judge, assigned district judge, and a Ninth Circuit panel have all found his claims improper.  *See* Docket No. 20 (self-described "hail mary pass" filed in six different cases, including in this case after his appeal was dismissed); *see also* Section I, *supra* (identifying orders summarily denying and/or striking motions for reconsideration).[8]  In addition, while Mr. Greene has not yet filed the volume of cases in this District as he has elsewhere, the number of frivolous cases filed here are sufficient to find a vexatious litigant order warranted.  *See, e.g.*, *Davis v. The Living Trust of Michael J. Fitzgerald*, 2013 WL 3427904, *6 (D. Nev. July 8, 2013) (collecting cases).

Lastly, less drastic sanctions are unavailable in this instance.  Numerous courts have dismissed Mr. Greene's cases as improper attempts to circumvent the vexatious litigant order in the Central District of California, but he still continues to file cases in the improper forum.  Mr. Greene has likewise failed to heed direct orders, including Judge Dorsey's order in this case to cease filing motions for reconsideration.  *See* Docket No. 15 at 2 (ordering Mr. Greene to cease filing motions for reconsideration); Docket No. 20 (further motion for reconsideration); *see also Greyhound Lines*, Case No. 2:15-cv-00174-RFB-GWF, Docket No. 10 (noting Mr. Greene's conscious decision to violate a court order).  Hence, non-monetary directives are unavailable.  Moreover, monetary sanctions would not be useful in discouraging Mr. Greene's vexatious litigation because he appears to have little to no assets.

---

[8] The analysis herein focuses on the frivolous nature of Mr. Greene's filings.  The undersigned notes for the record, however, that Mr. Greene has also responded to Court orders with threats of violence. *See, e.g.*, *Greene v. Chapman*, Case No. 2:15-cv-00887-GMN-NJK, Docket No. 4 (filed June 10, 2015) (asserting that disallowing Mr. Greene to proceed with his case in this forum could result in him deciding, *inter alia*, to "go out and load up that weapon to be on the 'prime time news'").  This appears to be consistent with Mr. Greene's conduct in other courthouses.  *See* Docket No. 22 at 2 (referencing the fact that Mr. Greene is followed and monitored any time he enters the courthouse in the Central District of California).

1   *See, e.g.*, Docket No. 1 (*in forma pauperis* application).  As a result, less drastic sanctions are not

2   available.

3          D.      Narrowly Tailored Relief

4          In light of the above, a pre-filing order is warranted.  The Court must therefore craft a narrowly

5   tailored pre-filing order.  An order is narrowly tailored where "it preserves [the litigant's] right to

6   adequate, effective and meaningful access [to the court], . . . while protecting the court from abuse."

7   *Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir. 1984) (internal citation omitted).

8          A common thread running through all of Mr. Greene's cases is that they arise out of events in

9   California such that this District is an improper venue.  The undersigned has considered narrowly

10  tailoring the pre-filing order such that it applies only to those cases lacking factual allegations that Mr.

11  Greene's claim(s) arose in Nevada.  Such an order would not be sufficient.  As outlined above, Mr.

12  Greene's cases have also been summarily dismissed on numerous other grounds, including lack of

13  subject matter jurisdiction, lack of personal jurisdiction, untimeliness, and failure to comply with a court

14  order.  *See* Section I, *supra*.  Indeed, it appears plain that many of the orders dismissing Mr. Greene's

15  claims did not catalogue all of the ways in which they were deficient and merely identified the most

16  obvious defect or defects.  In light of all of the reasons beyond lack of venue that Mr. Greene's cases

17  have been subject to dismissal, the pre-filing order should apply to all new cases Mr. Greene files in this

18  District.

19         It is therefore recommended that the Court issue a vexatious litigant order directing the Clerk of

20  this Court not to accept for filing any complaint or *in forma pauperis* application from Cedric Greene

21  unless Mr. Greene first obtains leave from a Judge of this Court.  Before Mr. Greene may file an action,

22  he must first file a motion for leave to file a complaint.  Mr. Greene must submit a copy of this Court's

23  vexatious litigant order and a copy of the proposed complaint with any such motion.  If the Court does

24  not grant Mr. Greene written permission to file a complaint within thirty days of the date of his motion,

25  permission will be deemed denied.

26  //

27  //

28  //

10

III.     **CONCLUSION**

In light of the above, the undersigned **RECOMMENDS** that Plaintiff be declared a vexatious litigant subject to pre-screening of all future complaints he seeks to file in this District.

IT IS SO ORDERED.

DATED: May 17, 2016

_____
Nancy J. Koppe
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986).  This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).